IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD J. TAYLOR, JR., )<br>    )<br>        Plaintiff, )<br>    )<br>    v.    )<br>    )<br>CIVIGENICS, INC., )<br>    )<br>        Defendant. ) | Civ. No. 04-177-SLR |

**MEMORANDUM ORDER**

I.  **INTRODUCTION**

On March 3, 2004, plaintiff Edward Taylor filed a complaint, alleging defendant Civigenics violated his rights under the Eighth and Fourteenth Amendment of the United States Constitution. (D.I. 2) On December 17, 2004, defendant filed a motion to dismiss plaintiff's complaint. (D.I. 15) For the reasons set forth below, the court denies defendant's motion.

II.  **BACKGROUND**

Plaintiff is a pro se litigant who is currently incarcerated. (D.I. 19 at 2) On December 19, 2002, plaintiff entered the Key North Program at Howard R. Young Correctional Institution ("Gander Hill"). (D.I. 2 at 5) On July 1, 2003, pursuant to a contract with the Delaware Department of Correction, defendant officially took over management of the Key North Program. (Id.; D.I. 15 at 1) Plaintiff filed a complaint

against defendant on March 23, 2004.  (D.I. 2)  Plaintiff's complaint alleges that defendant violated plaintiff's Eighth and Fourteenth Amendment rights by allowing inmates to assume positions of authority over plaintiff.  (Id. at 3)  Plaintiff requests relief in the form of $2,000,000.  (Id. at 4)  Prior to filing his complaint, plaintiff filed a grievance against defendant.  (Id. at 2)  According to plaintiff, no action was taken with respect to his grievance.  (Id.)

On December 17, 2004, defendant filed a motion to dismiss plaintiff's complaint for failure to exhaust administrative remedies.  (D.I. 15)  Following defendant's motion to dismiss, this court ordered plaintiff to "file and serve a response to defendant's motion (including an answering brief and accompanying affidavits, exhibits, etc., if any) on or before February 11, 2005."  (D.I. 16)  To date plaintiff has not filed a brief answering defendant's motion to dismiss.[1]

### III. STANDARD OF REVIEW

In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the

---

[1] The docket in this case indicates that there has been considerable difficulty in communicating with plaintiff.  On several occasions mail was returned to plaintiff for failure to properly serve the documents on all the parties.  (D.I. 17, 19, 20)  Although plaintiff has not filed an answer to defendant's motion to dismiss, in a letter dated May 18, 2005, plaintiff indicated that he had no knowledge of his obligation to file an answering brief, and that he previously mailed a letter to the court disagreeing with the motion to dismiss.  (D.I. 19 at 2)

complaint and it must construe the complaint in favor of the plaintiff. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Id. Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972); Gibbs v. Roman, 116 F.3d 83, 86 n.6 (3d Cir. 1997); Urrutia v. Harrisburg County Police Dep't., 91 F.3d 451, 456 (3d Cir. 1996). The moving party has the burden of persuasion. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

## IV. DISCUSSION

Defendant attached Spectrum Behavioral Services Substance Abuse Treatment Client Grievance Procedures ("the Grievance Procedure") as an exhibit to its motion to dismiss. (D.I. 15, Ex. B) The Grievance Procedure has three levels: (1) a grievance form is completed and submitted to the Program Director

for review/resolution; (2) if not resolved, the grievance will be reviewed at the Regional Director level; (3) if not resolved, the grievance will be reviewed at the Office of the Executive Director level for final review and resolution. (Id.) The only action plaintiff can take under the Grievance Procedure is to file a grievance. (Id.) All other activities under the Grievance Procedure are performed by the Program Director, the Regional Director or the Executive Director. (Id.) Plaintiff contends that he filed a grievance with the Program Director. (D.I. 2 at 2) Defendant did not present any evidence suggesting either that plaintiff did not file a grievance or that his grievance was not resolved. Accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in plaintiff's favor, the court concludes that plaintiff has exhausted his administrative remedies. The court declines to allow the failure of the Program Director, the Regional Director or the Executive Director to resolve plaintiff's grievance to preclude his complaint. Consequently, the court denies defendant's motion to dismiss.

V.  CONCLUSION

At Wilmington this 4th day of August, 2005, for the reasons set forth above;

IT IS ORDERED that defendant's motion to dismiss (D.I. 15) is denied.

IT IS FURTHER ORDERED that:

1. All discovery in this case shall be initiated so that it will be completed on or before **December 2, 2005.**

2. All summary judgment motions and an opening brief and affidavits, if any, in support of the motion, shall be served and filed on or before **January 3, 2006.** Answering briefs and affidavits, if any, shall be filed on or before **February 3, 2006.** Reply briefs shall be filed on or before **February 20, 2006.**

                                                                                                       _____
                                                                                                       United States District Judge