IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD J. TAYLOR, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 04-0177-SLR ) |
| CIVIGENICS INC., | ) ) |
| Defendant. | ) ) |

**O R D E R**

At Wilmington this 1st day of May, 2006, having considered plaintiff's motions for appointment of counsel;

IT IS ORDERED that said requests (D.I. 30, 38) are denied for the reasons that follow:

1. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v.Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion, however, to seek representation by counsel for plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d

Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

    2.   After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

    3.   In his first motion for appointment of counsel, plaintiff avers that he needs an attorney to make sure his "rights are not violated any more then (sic) they have been." (D.I. 30)  Plaintiff, in his second motion, states that this litigation is becoming too complicated and he is not afforded sufficient time in the law library for research and writing. (D.I. 38)  Having reviewed plaintiff's motions as well as the record, the court does not find that appointment of counsel is warranted at this time.  Specifically, plaintiff has demonstrated

an ability to coherently present his claims and requests for relief.

                                              _____
                                              United States District Judge