IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

EDWARD J. TAYLOR, JR.,

Plaintiff,

v. ) Civ. No. 04-177-SLR

CIVIGENICS, INC.,

Defendant.

---

Edward J. Taylor, Jr., Wilmington, Delaware. Pro se.

Louis J. Rizzo, Jr., Esquire, Wilmington, Delaware. Attorney for Defendant Civigenics, Inc. Of Counsel: Carla P. Maresca, Esquire of Deasey, Mahoney & Bender, Philadelphia, Pennsylvania.

---

**MEMORANDUM OPINION**

Dated: September 25, 2006
Wilmington, Delaware

**ROBINSON, Chief Judge**

## I. INTRODUCTION

Plaintiff Edward J. Taylor Jr., is a pro se litigant who filed this action on March 23, 2004 against defendant Civigenics, Inc. ("defendant") presumably pursuant to 42 U.S.C. § 1983. Plaintiff requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (D.I. 1 at 1) The court granted plaintiff's motion on April 19, 2004.

During his incarceration, plaintiff participated in a drug treatment program administered by defendant. Plaintiff's complaint states that fellow inmates were placed in a position of authority over him during his participation in the program, resulting in a violation of his Eighth Amendment rights under the U.S. Constitution.

Currently before the court is defendant's motion for summary judgment. The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons that follow, defendant's motion is granted.

## II. BACKGROUND

### A. The Key Program

The Key Program has been funded by the Delaware Department of Correction since 1990. (D.I. 40, ex. A at 4) Defendant began administering the program on July 1, 2003, approximately seven months after plaintiff began participation. (D.I. 40, at 2, 5) The Key Program treats inmates with substance abuse addictions.

(Id. at 1) A significant component of the program strategy is teaching responsibility. (Id. at 1-2) To teach responsibility, inmates who have participated for several months must present "peer seminars" to fellow inmates on the subject of their recovery. (Id.) Further, the program delegates responsibility by assigning to inmates jobs, including janitorial tasks, keeping attendance, and facility set up for meetings. (D.I. 40, ex. D at 2) Additionally, peer mentors are utilized by the program. (D.I. 40, ex. B at 5)

The rules of the Key Program address the relationship between inmates. The program enforces cardinal rules as well as basic rules. Violation of the cardinal rules results in immediate discharge; violation of the basic rules results in sanctions for initial infractions. Intimidation is a violation of both the cardinal rules and the basic rules. (Id. at 16) The rules direct that intimidation may lead to immediate discharge from the program. (Id.) The rules also state that inmates are to obey orders from staff personnel. (Id.) Neither set of rules requires inmates to obey orders from other inmates. (Id.)

**B. Plaintiff's Claims**

Plaintiff began mandatory drug treatment on December 19, 2002 at the Howard R. Young Correctional Institution. (D.I. 40, ex. G at 1) He was successfully discharged on March 27, 2004. (Id.) During this time, defendant began administration of the

drug treatment program. The complaint states that inmates were placed in positions of authority over plaintiff by Key Program administrators. (D.I. 2 at 1) Specifically, plaintiff was made to "sit and stand tight" by supervising inmates, causing him knee pain. (Id.) Plaintiff was forced by inmates to get out of bed early in the morning without being permitted to brush his teeth or use the restroom. (Id.) Further, he was forced to eat without a table being provided to him. (Id.) Plaintiff's complaint also states he was ridiculed by inmates placed in a supervisory role within the Key Program. (Id.) Plaintiff's complaint states that he was forced to back-date his file and that other inmates were permitted by staff to view his file. (Id.)

Defendant denies that inmates are given supervisory authority over other inmates. (D.I. 40, ex. D at 1) Moreover, in his deposition, plaintiff acknowledges that he did not see another inmate specifically with his file but, instead, with unidentified files. (D.I. 40, ex. C at 36). While plaintiff alleges that supervising inmates are responsible for assigning job positions within the program, in his deposition he acknowledges that proper procedure for the program is for those inmates to seek approval of appointments from a staff counselor. (D.I. 40, ex. C at 31)

**III. STANDARD OF REVIEW**

Since the defendant has referred to matters outside the pleadings, its motion shall be treated as one for summary judgment. See Fed. R. Civ. P. 12(b)(6); Camp v. Brennan, 219 F.3d 279, 280 (3d Cir.2000) (consideration of matters beyond the complaint converts a motion to dismiss into a motion for summary judgment). A party is entitled to summary judgment only when the court concludes "that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no material issue of fact is in dispute. See Matsushita Elec. Indus.Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 n. 10 (1986).

Once the moving party has carried its initial burden, the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Id. at 587 (quoting Fed. R. Civ. P. 56(e)). "Facts that could alter the outcome are 'material', and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Federal Kemper Life Assur. Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995).

If the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the

burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The mere existence of some evidence in support of the party will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that factual issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The court, however, must "view all the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Pacitti v. Macy's, 193 F.3d 766, 772 (3d Cir. 1999).

**IV. ANALYSIS**

The Eighth Amendment bars unnecessary inflictions of pain upon inmates. Rhodes v. Chapman, 452 U.S. 337, 346 (1981). The majority opinion in Rhodes states that Eighth Amendment claims should be analyzed under the totality of the circumstances. Id. To prove a violation of the Eighth Amendment, the plaintiff must satisfy a two-prong test which requires an objective finding of a sufficiently serious violation of the Eighth Amendment, as well as a finding of "deliberate indifference" on the part of the defendant. Wilson v. Seiter, 501 U.S. 294 (1991). Only those deprivations denying a plaintiff "the minimal civilized measure of life's necessities," constitute a sufficiently serious

violation of the Eighth Amendment. Id. citing Rhodes, 425 U.S. at 347.

Where the inmate lives in "real and persistent fear of personal injury from constant threats of violence and sexual assault in his cell from other inmates," and prison officials are deliberately indifferent to those fears, then a violation of the Eighth Amendment occurs. Riley v. Jeffes, 777 F.2d 143 (3d Cir. 1985). However, verbal abuse does not rise to the level of cruel and unusual punishment. See Johnson v. Coventry, 2006 WL 176099 (D.Del. 2006), citing Murray v. Woodburn, 809 F.Supp. 383, 384 (E.D. Pa. 1993) and McBride v. Deer, 240 F.3d 1287, 1291 (10th Cir. 2000).

With regard to plaintiff's claim that other inmates were permitted to view his file, the record does not permit a reasonable jury to make such a finding. The plaintiff admits he did not see another inmate with his file. (D.I. 40, ex. C at 36) Plaintiff has identified no additional evidence to substantiate his claim that other inmates were given access to his file by defendant.

When viewing the record as a whole, plaintiff's other allegations do not constitute a violation of the Eighth Amendment. Plaintiff claims that he was forced to "sit and stand tight," get out of bed early, eat while standing, and that he was ridiculed by other inmates. (D.I. 2 at 1) These allegations do

not meet the first prong of the Supreme Court's test in Wilson because plaintiff was not denied the minimum of civilized life's necessities and the allegations are not sufficiently serious. 501 U.S. 294. See e.g., Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("mean harassment" not sufficiently serious); Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987) (use of vulgar language by prison officials was not enough to establish a constitutional deprivation); Young v. Berks County Prison, 940 F. Supp. 121 (E.D. Pa. 1991) (plaintiff was forced to wear dirty, ill-fitting clothing and subjected to ridicule by other inmates, but had not suffered a violation of his constitutional rights). Plaintiff's time in the Key Program may have been unpleasant, but it was not unconstitutional.

Further, plaintiff has failed to meet the second prong of Wilson, that is, deliberate indifference on the part of the defendant. 501 U.S. 294. In his complaint, plaintiff alleges that actions were taken "by inmates unsupervised by staff."[1] (D.I. 2, at 5) Plaintiff admits that defendant's procedures require all inmates to seek approval from counselors regarding assignment of job tasks. (D.I. 40, ex. C at 40) Defendant's

---

[1]Plaintiff's complaint is presumably based upon Justice Brennan's concurrence in Rhodes v. Chapman which listed criteria for courts to consider when facing a claim of cruel and unusual punishment. 452 U.S. 337 (1981) at 364. Among those listed criteria is "avoidance of inmates in positions of authority over other inmates." Id.

rules prohibit inmates from intimidating one another. Even the documentation provided by plaintiff in support of his claim does not provide that inmates are placed in an authority position over one another. (D.I. 33, ex. B, at 1-2) Plaintiff's citation is to the Key Program's committee descriptions, which establish the various job functions that an inmate might have within the program but lack any statements granting inmates supervising authority over one another.

Since there is no genuine issue of material fact and there is insufficient evidence in support of plaintiff's claim, the defendant's motion for summary judgment will be granted.

**V. CONCLUSION**

For the reasons stated, defendant's motion for summary judgment (D.I. 40) is granted. An order shall issue.